William J. Gregg, J.
This is a motion by defendant charged with a violation of subdivisions 1 and 4 of section 1530 of the Penal Law for an adjournment under the provisions of sections 57 and 58 of the Code of Criminal Procedure to obtain an order of the Supreme or County Court of Orange County directing that the matter now before this court be transferred to the County Court by way of indictment by the Grand Jury.
The facts presented are these: Defendant having been arrested pursuant to a warrant duly issued by this court, appeared for arraignment on August 23, 1966, at which time he was represented by counsel. After the complaint was read to defendant and he acknowledged his retainment of counsel present, counsel requested an adjournment until August 31 and requested a bill of particulars from the prosecution. This court, before granting such an adjournment asked defense counsel if his client was waiving his rights under said sections 57 and 58, to which counsel answered in the affirmative. The court upon completion of defendant’s arraignment granted the request of defense counsel for adjournment to August 31, and directed defense counsel to make formal written demand for the bill of particulars and gave the prosecution five days to serve such bill after receipt of such demand.
On August 31 defendant appeared and defense counsel acknowledged receipt of the bill of particulars and also moved pursuant to sections 57 and 58 for an adjournment to obtain an order directing the matter be presented to a Grand Jury; and further moved to suppress certain evidence claimed not covered by the bill of particulars received.
Under the foregoing facts, is a defendant who, having once waived his right to an adjournment to obtain an order to have the charge presented to a Grand Jury, entitled to such an adjournment after having requested and received a bill of particulars ?
This court is of the opinion that he is not. To grant an adjournment for the purpose of presenting the case to a Grand Jury in a misdemeanor charge after defendant has originally waived such right and demands and receives a bill of particulars concerning the particular charge is tantamount to defendant’s being given a preliminary hearing as is granted in a felony case before a Magistrate sitting as a Committing Magistrate. In fact, it would be more inclusive than that of a preliminary hearing wherein the prosecution need only present a prima facie case in order to hold a defendant for the Grand Jury. In the instant case, the demand for a bill of particulars could encom *527 pass more evidence and facts in its demand than would be necessary to establish a prima facie case and would give to the defendant all the pertinent facts and evidence within the prosecution’s possession prior to its presentation to the Grand Jury. Such was never the intent of the Legislature or it would have provided by appropriate act that a defendant in every misdemeanor case would be entitled to a preliminary hearing as is the case of a felony. This it has not seen fit to do to date.
Defendant’s motion for adjournment is denied.